**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Moises Pacheco, et al., | No. CV10-1414 PHX DGC |
| Plaintiffs, | |
| vs. | **ORDER** |
| Apodaca Wall Systems Incorporated, | |
| Defendant. | |

Plaintiffs Moises and Juan Pacheco were employees of Defendant Apodaca Wall Systems, Inc. Doc. 1-4 at 2. Plaintiffs claim that Apodaca failed properly to pay for Plaintiffs' services, that Apodaca terminated Plaintiffs' employment because they suffered from health problems and requested overtime wages pursuant to the Fair Labor Standards Act, and that Apodaca discriminated against Plaintiffs because of their health problems.[1] *Id.* at 2-7. Plaintiffs assert claims under the Fair Labor Standards Act, the Arizona Wage Act, the Americans with Disabilities Act, and the Arizona Civil Rights Act. *Id.* at 3-7.

On July 8, 2010, Apodaca filed its answer and a counterclaim for fraud against Moises Pacheco. Doc. 7. Moises Pacheco has filed a motion to dismiss Apodaca's counterclaim. Doc. 9. For reasons that follow, the Court will grant the motion to dismiss.

---

[1] Moises Pacheco claims Apodaca terminated his employment because he suffers from kidney disease and was out sick too much, even though he was not missing work. Doc. 1-4 at 2. Juan Pacheco claims Apodaca terminated his employment because of his brother Moises's health problems and his own eye ailment. *Id.* at 2-3.

**I.      Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

The parties also cite Rule 9(b). Docs. 10 at 3, 11 at 4. Rule 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting the fraud[.]"

**II.     Analysis.**

To prevail on a fraud claim in Arizona, a claimant must prove nine elements, including a representation, its falsity, the claimant's ignorance of its falsity, the claimant's reliance on the representation, and damages. *See Echols v. Beauty Built Homes*, 647 P.2d 629, 631 (Ariz. 1982); *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. App. 2000). Apodaca's counterclaim fails to identify any representation by Moises Pacheco with particularity and fails to allege facts showing that the representation was false. Nor does Apodaca allege that it was ignorant of the falsity of the representation and relied on it. Apodaca also fails to allege facts showing actual damage as a result of the representation.

Apodaca asserts that discovery will "uncover more specifics." Doc. 10 at 3. But Apodaca presumably possesses information concerning the representations on which it relied, why they were false, and how it was damaged. Moreover, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950. The Court concludes that Apodaca has failed to satisfy its pleading obligations under

Rule 9(b) and Supreme Court precedent. The Court therefore will grant Moises Pacheco's motion to dismiss.

### III.  Leave to Amend.

Apodaca requests leave of Court to file an amended counterclaim. Doc. 10 at 4. Courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court will grant Apodaca leave to amend its counterclaim.

**IT IS ORDERED**:

1. Moises Pacheco's motion to dismiss (Doc. 9) is **granted**.
2. Apodaca is **granted** leave to amend. Apodaca shall file an amended counterclaim by **October 8, 2010.**

DATED this 17th day of September, 2010.

David G. Campbell
United States District Judge